UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JHON JAIRO ARANGO,                  :
                                    :
        Plaintiff,                  :   Civ. No. 13-3379 (NLH)
                                    :
     v.                             :   OPINION and ORDER
                                    :
WALTER PIEDERBECK, et al.,          :
                                    :
        Defendants.                 :
_____:

APPEARANCES:
Jhon Jairo Arango, #24630-038
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 8640
     Plaintiff Pro se

Plaintiff Jhon Jairo Arango, an inmate currently confined at the Federal Correctional Institution in Fort Dix, New Jersey, brings this civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and submits an application to proceed in forma pauperis.

In this action, Plaintiff has twice before sought in forma pauperis status.  On June 6, 2013, Plaintiff's first in forma pauperis application was denied because the account statement provided was not certified by a prison official and did not include the full six-month account information as required by 28 U.S.C. § 1915(a). (ECF No. 2).  On July 4, 2013, the Court

1

denied Plaintiff's second in forma pauperis application because the account statement was not certified by a prison official and did not provide detailed information regarding the six-month time period prior to the filing of the Complaint. (ECF No. 4). Plaintiff then submitted a third in forma pauperis application which the Court now addresses. (ECF No. 5).

The Court finds that Plaintiff has submitted a complete application to proceed in forma pauperis and grants leave to proceed without prepayment of fees. See 28 U.S.C. § 1915.  This case is subject to sua sponte screening by the Court, and the Complaint will be screened in due course. See 28 U.S.C. §§ 1915(e)(2)(B); see also 28 U.S.C. § 1915A; 42 U.S.C. § 1997e.

IT IS therefore on this   19th   day of    June    , 2015,

ORDERED that Plaintiff's application to proceed in forma pauperis is GRANTED; and it is further

ORDERED that the Clerk of the Court shall file the Complaint; and it is further

ORDERED that SUMMONS SHALL NOT ISSUE, at this time, as the Court's sua sponte screening has not yet been completed; and it is further

ORDERED that that the time to serve process under FED. R. CIV. P. 4(m) is hereby extended to the date 120 days after the Court permits the Complaint to proceed; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the United States Attorneys' Office and the warden of FCI Fort Dix; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its sua sponte screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

ORDERED that pursuant to Siluk v. Merwin, 783 F.3d 421 (3d Cir. 2015), as amended (Apr. 21, 2015), as amended (Apr. 28, 2015), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a single, monthly 20% deduction, "and the cases and/or appeals that an inmate has filed [sha]ll be paid off sequentially," Siluk, 783 F.3d at 426 (emphasis in original); i.e., the first-filed case shall be paid off in full, then the

second-filed case, etc., until all fees have been paid in full; and it is further

ORDERED that, with respect to this case, when Plaintiff's fees become ripe for payment in accordance with Siluk, in each month that the amount in Plaintiff's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, pursuant to 28 U.S.C. § 1915(b)(2) and each payment shall reference the civil docket number of this action.

    \_\_\_\_s/ Noel L. Hillman_____
    NOEL L. HILLMAN
    United States District Judge

At Camden, New Jersey